IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RACHEL FLETCHER, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| RESURGENS ORTHOPAEDICS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Rachel Fletcher ("Plaintiff"), by and through undersigned counsel, and files this Complaint under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant Resurgens Orthopaedics. ("Defendant") and shows the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant are qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant are subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant Resurgens Orthopaedics may be served with process by delivering a copy of the summons and complaint to its registered agent, Mark Watkins, 1000 Lake Regency Dr, #2108, Atlanta, GA 30349.

## **FACTUAL ALLEGATIONS**

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charges from the EEOC, which the EEOC subsequently issued on July 9, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue".

9.

Defendant are now, and at all times relevant hereto, have been employers subject to Title VII.

10.

Defendant hired Plaintiff on Decemeber 1, 2014 as a Patient Account Representative. Plaintiff began the Manager Training Program in April 2017 and began working as a Site Manager in July 2017.

11.

On or around June 17, 2019, Plaintiff went on FMLA leave for 12 weeks due to my pregnancy.

12.

Upon returning to Plaintiff's job, Plaintiff's job was given to another employee and Plaintiff was forced to transfer to another location.

13.

On or around January 8, 2020, at the new location, Johns Creek, Plaintiff's performance was great and Plaintiff received a bonus due to Plaintiff's great work performance.

14.

In March 2020, Plaintiff received a performance bonus for her performance at work.

15.

In March 2020, Plaintiff informed her manager, Cindy Mitchell, that she was pregnant.

16.

On or around April 12, 2020, only 5 business days later, Plaintiff was furloughed and told that everyone would be sharing time off. Plaintiff was told by the employer that she would return to work.

17.

On or around May 21, 2020, Plaintiff was told that she was being terminated due to Lack of Work due to COVID-19.

18.

Defendant' alleged reason for Plaintiff's termination is pretext for unlawful discrimination based on Plaintiff's gender (pregnancy).

19.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant, including lost wages and emotional distress.

20.

Defendant had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including her job duties, supervision, and rate of compensation.

21.

Defendant had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including supervision and other human resources functions, and rate of compensation.

22.

Defendant had control and influence over the decision to terminate Plaintiff's employment.

23.

Defendant jointly is liable for violating Title VII by the conduct described herein.

## **CLAIM FOR RELIEF**

## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED**

24.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

25.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of sex.

26.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

27.

At all times relevant, Plaintiff was a member of a protected class.

28.

Plaintiff was qualified to perform her position.

29.

Plaintiff was terminated because of her protected characteristic(s).

30.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff, in violation of Title VII.

31.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

32.

As a result of Defendant's unlawful actions, Plaintiff has suffered, among other things, pecuniary and non-pecuniary losses for which she is entitled to

recover from Defendant. Among other things, Plaintiff has suffered lost wages and emotional distress. Defendant's unlawful actions were willful and done in reckless disregard for Plaintiff's protected rights. Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages, back-pay, lost benefits and prejudgment interest thereon;

(b) Compensatory damages;

(c) Punitive damages;

(d) All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(e) All relief available under Title VII;

(f) Reasonable attorney's fees and expenses of litigation;

(g) Trial by jury as to all issues so triable;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i) All other relief to which she may be entitled.

(Signature and date on next page.)

This 14th day of September, 2020.

                                        **BARRETT & FARAHANY**

                                        s/ Michael S. Wilensky
                                        Michael S. Wilensky
                                        Georgia Bar No. 321055
                                        *Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
Michael@justiceatwork.com

9